IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HUGO LOVO, BASHAR MASOUD, MARK URBINA, LUIS CASTELLANOS, KAIMA C. WILDER, SURAJ BAJRACHARYA, KHALID AL FHEED, TARIQ ALFHEED, SANJIV PRAJAPATI, COREY TATUM, GLENNIS DAVIS, ROBERT WOODROW, and KHALED BIRA,<br><br>    Plaintiffs,<br><br>v.<br><br>EXPRESS COURIER INTERNATIONAL, INC., d/b/a LSO FINAL MILE; EMP LSO HOLDING CORPORATION,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:16-CV-00853-Y |

**PLAINTIFFS' 56(d) MOTION TO HOLD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN ABEYANCE AND TO REOPEN DISCOVERY**

Pursuant to Fed. R. Civ. P. 56(d), Plaintiffs Hugo Lovo ("Lovo"), Bashar Masoud ("Masoud"), Mark Urbina ("Urbina"), Luis Castellanos ("Castellanos"), Kaima C. Wilder ("Wilder"), Suraj Bajracharya ("Bajracharya"), Khalid Al Fheed ("K. Al Fheed"), Tariq Alfheed ("Alfheed"), Sanjiv Prajapati ("Prajapati"), Corey Tatum ("Tatum"), Glennis Davis ("Davis"), Robert Woodrow ("Woodrow"), and Khaled Bira ("Bira") (collectively, "Plaintiffs"), respectfully file this, Plaintiffs' Rule 56(d) Motion to Hold Defendant's Motion for Summary Judgment in Abeyance and to Reopen Discovery (ECF No. 85, the "Motion"), and would respectfully show the Court as follows:

**I.     BACKGROUND**

Pursuant to the Initial Scheduling Order, discovery was set to close on September 29, 2017. (ECF No. 16). On September 27, 2017 the Court granted the Parties' Joint Motion to

Extend Discovery Period and Dispositive Motions Deadline (ECF No. 53), which postponed the close of discovery to November 28, 2017. (*See* ECF No. 54). The Parties engaged in substantial written discovery and conducted numerous depositions. In exchange for Plaintiffs withdrawing their 30(b)(6) topic on Defendant Express Courier International, Inc.'s ("Express" or "Defendant") investments in their business enterprise, the Parties filed an Agreed Stipulation as to the issue on December 13, 2017. (ECF No. 63). (*See also* Ex. 1 (Arbuckle Aff., ¶ 4)). The Agreed Stipulation states:

> Defendant Express Courier International, Inc. d/b/a LSO Final Mile ("LSO") stipulates that for each of the tax years 2014, 2015, 2016, and 2017, LSO's investment and expenses in its business operations in Dallas and Fort Worth Texas exceeded the investments and expenses of each of the following individuals providing transportation-related services to LSO during thos same tax years: Plaintiffs Hugo Lovo, Bashar Masoud, Mark Urbina, Luis Castellanos, Kaima Wilder, Suraj Bajracharya, Sanjiv Prajapati, Corey Tatum, Glennis Davis, and Robert Woodrow.
>
> In the event LSO intends to oppose the foregoing stipulation as to relative investments with regard to Tariq Alfheed, Khalid Al Fheed, Khaled Bira, and/or Gerald Fields, **LSO will provide a 30(b)(6) deponent on the topic**.

On March 2, 2018 Defendant's filed its Motion for Summary Judgment and brief in support, which contained impermissible argument on the topic of relative investments. (ECF No. 74 & 75). Counsel for Defendants never informed counsel for Plaintiffs of any intent to oppose the stipulation as to the four Plaintiffs specified in the above Stipulation. (*See* Ex. 1, ¶ 7). On April 2, 2018, Plaintiffs filed their Motion for Partial Summary Judgment and Response in Opposition to Defendants' Motion for Summary Judgment and brief in support, in relevant part, objecting to Defendant raising the issue of relative investments. (ECF No. 81, the "Motion for Partial Summary Judgment").

## II.     ARGUMENT

Summary Judgment is appropriate when, after a reasonable period for discovery, one party is unable to show a genuine issue as to material fact on which the party will bear the burden of proof at trial, provided judgment against the party is appropriate as a matter of law.

If a non-movant shows by affidavit or declaration, that for specified reasons, it cannot present facts essential to justify its opposition, the Court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). Rule 56(d) motions are liberally granted as summary judgment is inappropriate before the non-movant has had a fair opportunity for discovery of information essential to its opposition. *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013). *See also Burnett Ranches, Ltd. v. United States*, No. 4:11-CV-562-Y, 2012 WL 10928475, *5 (N.D. Tex. Oct. 24, 2012) (Means, J.) (permitting additional discovery when non-moving parties could not adequately oppose a motion for summary judgment).

In the event the Court overrules Plaintiffs' objection regarding Defendant Express Courier International, Inc.'s ("Defendant" or "Express") presentation of facts contrary to the Agreed Stipulation, as articulated in their Motion for Partial Summary Judgment, Plaintiffs require the requested 30(b)(6) deposition to create a triable issue of fact regarding Express's investments in their business enterprise. Plaintiffs' counsel noticed Plaintiffs' intention to take the deposition of Defendants' Rule 30(b)(6) corporate representative prior to the close of discovery. (Arbuckle Aff., ¶ 3). Counsel for the parties then engaged in a significant meet and confer process over several months. (*Id*. at ¶ 4). Defendants offered to enter into a Stipulation regarding the relative investments factor of the economic relative test if Plaintiffs would agree

not to seek deposition testimony from the 30(b)(6) corporate representative. (*Id*.). The Parties so stipulated and Plaintiffs' final subpoena did not notice an intention to take deposition testimony relevant to Defendants' investments in their business operations. (*Id*. at ¶¶ 5-6, 14). Now in its Motion for Summary Judgment, without any prior notice to Plaintiffs, Express argues and presents evidence seeking to contradict its factual stipulation. (*Id*. at ¶¶ 7-8.).

Plaintiffs maintain that the stipulation tells the Court everything it needs to know about the relative investment factor, and that the factor absolutely weighs in Plaintiffs' favor given the Parties' factual stipulation. *See Provident Fin., Inc. v. Strategic Energy L.L.C.*, 404 F. App'x 835, 838 n.3 (5th Cir. 2010) ("[T]he parties are bound to their factual stipulations, which 'have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.'" (quoting *Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings College of the Law v. Martinez*, 561 U.S. 661, 677-78 (2010) (refusing to consider argument that contradicts a joint stipulation of fact))).

Plaintiffs also formally object to the relevance of the evidence submitted by Express pursuant to Federal Rule of Evidence 403 as being of limited probative value and unduly prejudicial where Defendant solicited the above Stipulation from Plaintiffs in exchange for Plaintiffs' withdrawing 30(b)(6) topics regarding relative investments. Providing evidence of Plaintiffs' work expenses (notably, not investments) without reference to Express's admittedly larger investments and expenses is highly prejudicial to Plaintiffs.

However, out of an abundance of caution, in the event the Court considers Defendants' argument and evidence presented in its Motion for Summary Judgment as to the relative investments issue, Plaintiffs respectfully request that the Court reopen discovery for the limited purpose of permitting them to take the deposition of a 30(b)(6) deponent on the topic as

originally noticed. (*Id.* at ¶ 9). Such relief will allow Plaintiffs to present a triable issue of fact in light of Defendant's conduct which deprived Plaintiffs of the opportunity to develop a factual record to refute Defendants' highly prejudicial evidence. (*Id*. at ¶¶ 8-12).

Accordingly, Plaintiffs request the Court reopen discovery solely so that Plaintiffs seek this targeted discovery in the fastest way possible. (*Id*. at ¶ 13). This motion is not filed for the purpose of delay, but is brought forth on the basis of reasonableness, surprise, discovery abuse, and pursuant to the agreement of the Parties in the Stipulation. (See ECF No. 63 ("In the event [Express] intends to oppose the foregoing stipulation as to relative investments with regard to [certain Plaintiffs] [Express] will provide a 30(b)(6) deponent on the topic.")).

### III.    CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant this Motion to Hold Summary Judgment in Abeyance pursuant to FRCP 56(d) and to Reopen Discovery, permitting Plaintiffs to take the deposition of Defendant Express Courier International, Inc.'s corporate representative on the topic of Express's investments in its business.

Dated: April 3, 2018.

[*Signature block on following page*]

Respectfully submitted,

BARON & BUDD, P.C.

By: s/Melinda Arbuckle
Allen R. Vaught
Texas State Bar No. 24004955
Melinda Arbuckle
Texas State Bar No. 24080773
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com
marbuckl@baronbudd.com

ROGER D. MARSHALL P.C.

Roger D. Marshall
Texas State Bar No. 13040000
10604 Corvallis Drive
Dallas, Texas 75229
(214) 850-1989 – Telephone
(214) 363-4833 – Facsimile
rmarsh9558@aol.com

ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

On April 3, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

s/Melinda Arbuckle
Melinda Arbuckle