IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HUGO LOVO, BASHAR MASOUD, MARK URBINA, LUIS CASTELLANOS, KAIMA C. WILDER, SURAJ BAJRACHARYA, KHALID AL FHEED, TARIQ ALFHEED, SANJIV PRAJAPATI, COREY TATUM, GLENNIS DAVIS, ROBERT WOODROW, and KHALED BIRA, | § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:16-CV-00853-Y |
| EXPRESS COURIER INTERNATIONAL, INC., d/b/a LSO FINAL MILE; EMP LSO HOLDING CORPORATION, | § § § § | |
| Defendants. | § § | |

## <u>AFFIDAVIT OF MELINDA ARBUCKLE</u>

| | |
|---|---|
| STATE OF TEXAS | ) |
| | ) |
| COUNTY OF DALLAS | ) |
| | ) |

APPEARED BEFORE ME, KATHLEEN WATSON, A NOTARY PUBLIC IN THE STATE OF TEXAS, MELINDA ARBUCKLE WHO DEPOSED AND STATED AS FOLLOWS:

1.     "My name is Melinda Arbuckle. I am lead counsel for Plaintiffs in the above-captioned case. I am over the age of 21 and fully competent to testify to the below facts which I swear and affirm are true and correct of my own personal knowledge.

2.     I respectfully submit this affidavit in support of Plaintiffs Rule 56(d) Motion to Reopen Discovery, filed pursuant to Federal Rule of Civil Procedure 56(d).

3.     Plaintiffs' counsel first noticed Plaintiffs' intention to take the deposition of Defendants' Rule 30(b)(6) corporate representative on September 26, 2017. (*See* Exhibit 1 to this

Affidavit). That notice of intention contained topics relevant to Defendants' investments in their business operations. (*See id.*, p. 13, Topic 13(d)).

4.      Counsel for the Parties engaged in a significant meet and confer process regarding Plaintiffs' 30(b)(6) topics. The process took place over a period of months. Counsel for Defendants offered to enter into a Stipulation regarding the relative investments factor of the economic realities test if Plaintiffs would agree not to seek relevant deposition testimony from the 30(b)(6) corporate representative.

5.      On December 13, 2017, the Parties by and through counsel entered into an Agreed Stipulation (ECF No. 63), which states in full:

> Defendant Express Courier International, Inc. d/b/a LSO Final Mile ("LSO") stipulates that for each of the tax years 2014, 2015, 2016, and 2017, LSO's investment and expenses in its business operations in Dallas and Fort Worth, Texas exceeded the investments and expenses of each of the following individuals providing transportation-related services to LSO during those same tax years: Plaintiffs Hugo Lovo, Bashar Masoud, Mark Urbina, Luis Castellanos, Kaima Wilder, Suraj Bajracharya, Sanjiv Prajapati, Corey Tatum, Glennis Davis, and Robert Woodrow.

> In the event LSO intends to oppose the foregoing stipulation as to relative investments with regard to Tariq Alfheed, Khalid Al Fheed, Khaled Bira, and/or Gerald Fields, LSO will provide a 30(b)(6) deponent on the topic.

6.      Plaintiffs' final Subpoena for Notice of Deposition of Defendants' 30(b)(6) Corporate Representative issued on December 14, 2017. It did not notice an intention to take deposition testimony relevant to Defendants' investments in their business operations. (*See* Exhibit 2 to this Affidavit). Plaintiffs agreed to withdraw the topic in reliance on the Agreed Stipulation. (ECF No. 63).

7.      Counsel for Defendants never informed counsel for Plaintiffs of any intent to oppose the stipulation as to the four Plaintiffs specified in the above Agreed Stipulation.

8.     Defendants' Motion for Summary Judgment contains argument and evidence that seek to contradict its factual stipulation. (*See* ECF No. 75, pp. 26-27). Defendants' conduct deprived Plaintiffs of the opportunity to develop a factual record to refute Defendants' presentation of highly prejudicial evidence relating to certain Plaintiffs' expenditures, including Plaintiffs such as Luis Castellanos, Suraj Bajracharya, and Mark Urbina, who Defendants expressly stated did not  make investments or incur costs exceeding Defendant's.

9.     In the event that the Court refrains from refusing to consider Defendants' argument pursuant to binding case law, or from sustaining Plaintiffs' Federal Rule of Evidence 403 objection, Plaintiffs respectfully request that the Court reopen discovery to permit them to take the deposition of a 30(b)(6) deponent on the topic as originally noticed. (Exhibit 1, p. 13, Topic 13(d)).

10.     Such requested relief is reasonable first of all because Defendants agreed to produce a 30(b)(6) deponent on the topic if necessary. (ECF No. 63).

11.     Furthermore, such relief will allow Plaintiffs to create a triable issue of material fact regarding the relative investments factor of the economic realities test. Alternatively, it will refute Defendants' bizarre contention that notwithstanding the fact that Express Courier International, Inc. **always** had greater investments and expenditures during the time period than Plaintiffs – the relative investment factor should come down in Defendants' favor.

12.     Defendants have obtained facts regarding Plaintiffs' expenses incurred in performing work for Defendants (Plaintiffs generally did not make standard business investments, they did not market themselves or buy valuable assets). Defendants have had the opportunity to move to compel production of any documents they wished to receive from Plaintiffs regarding their expenses during the discovery period.

13.    The discovery sought is targeted and Plaintiffs seek the discovery in the fastest manner possible – through a 30(b)(6) deposition, which will not considerably delay the litigation. The motion is not filed for the purposes of delay, but to permit Plaintiffs to demonstrate that Defendants' investments and expenses in their company were significant in comparison to Plaintiffs' expenses.

14.    As shown in Exhibit 1, Plaintiffs did not neglect to seek the requested evidence prior to the close of the discovery period."

I swear and affirm under penalty of perjury that the foregoing is true and correct of my own personal knowledge.

Executed on March 2, 2018, in the County of Dallas, in the State of Texas.

_____
MELINDA ARBUCKLE

Sworn and subscribed before me this
2nd day of March, 2018.

_____
Kathleen Watson
Notary Public in the State of Texas

**KATHLEEN WATSON**
My Notary ID # 131198363
Expires July 6, 2021

[NOTARY STAMP]

# EXHIBIT 1



BARON B BUDD, P.C.®

DALLAS | AUSTIN | BATON ROUGE | NEW ORLEANS
LOS ANGELES | SAN DIEGO | NEW JERSEY | NEW YORK

800.222.2766                    3102 Oak Lawn Avenue
tel 214.521.3605                            Suite 1100
fax 214.520.1181               Dallas, TX 75219-4281

September 26, 2017

Emily A. Quillen
Elizabeth M. Beck
Scopelitis Garvin Light Hanson & Fear, P.C.
801 Cherry Street, Suite 1075
Fort Worth, Texas 76102
**VIA CMRRR # 9414 7266 9904 2076 7469 31**
**AND EMAIL TO:**   **equillen@scopelitis.com**
                           **ebeck@scopelitis.com**

Andrew J. Butcher
Adam A. Smedstad
Scopelitis Garvin Light Hanson & Fear, P.C.
30 West Monroe Street, Suite 600
Chicago, IL 60603
**VIA CMRRR # 9414 7266 9904 2076 7469 48**
**AND EMAIL TO:**   **abutcher@scopelitis.com**
                           **asmedstad@scopelitis.com**

Re:   *Hugo Lovo, et al. v. Express Courier International, Inc., et al;* Civil Action No.
        4:16-cv-00853-Y; In the U.S. District Court for the Northern District of Texas

Dear Counsel:

Enclosed please find the following:

1.  Plaintiffs' Notice of Deposition Pursuant to Rule 30(b)(6) of the Designated
    Representative of Defendant Express Courier International, Inc., and

2.  Subpoena For Notice of Deposition Pursuant to Rule 30(b)(6) of Designated
    Representative of Defendant Express Courier International, Inc.

Please let me know if you have any questions. Thank you.

September 26, 2017
Page 2

Sincerely,

Farsheed Fozouni

Enclosures

cc:     Roger D. Marshall
        **VIA E-MAIL AT:**   rmarsh9558@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HUGO LOVO, BASHAR MASOUD, LUIS GOMEZ, MARK URBINA, LUIS CASTELLANOS, KAIMA C. WILDER, SURAJ BAJRACHARYA, KHALID AL FHEED, TARIQ ALFHEED, RYAN ROBINSON, SANJIV PRAJAPATI, COREY TATUM, GLENNIS DAVIS, ROBERT WOODROW, KHALED BIRA, LINCOLN DEVLUGT, and GERALD FIELDS, on Behalf of Themselves and All Others Similarly Situated, | § § § § § § § § § § § § § | |
| | § | CIVIL ACTION NO. 4:16-CV-00853-Y |
| | § | |
| | § | JURY TRIAL DEMANDED |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| EXPRESS COURIER INTERNATIONAL, INC., d/b/a LSO FINAL MILE; EMP LSO HOLDING CORPORATION; LLOYD PRICE; RICK KERRIGAN; RICHARD T. JONES; and CHARLES MOYER, | § § § § § | |
| | | |
| Defendants. | | |

## PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) OF THE DESIGNATED REPRESENTATIVE(S) OF EXPRESS COURIER INTERNATIONAL, INC.

TO:    Defendant EXPRESS COURIER INTERNATIONAL, INC., by and through its attorneys of record Emily A. Quillen, Elizabeth M. Beck, Andrew J. Butcher, and Adam A. Smedstad, Scopelitis Garvin Light Hanson & Feary, P.C., 801 Cherry Street, Suite 1075; Fort Worth, Texas 77010.

PLEASE TAKE NOTICE that Plaintiffs, through counsel, will take the deposition of the Federal Rule of Civil Procedure 30(b)(6) Representative(s) designated by Express Courier International, Inc. ("Express" or "Defendant") on **Friday, October 13, 2017, beginning at 10:00 a.m.** in the law offices of Scopelitis Garvin Light Hanson & Feary, P.C., 801 Cherry

1

Street, Suite 1075; Fort Worth, Texas 77010. A subpoena setting forth the topics of testimony for the designated representative(s) of Express is attached hereto.

Further take note that, pursuant to Federal Rule of Civil Procedure 30(b)(3)(A), this deposition will be taken by stenographic means, and may be recorded by audio tape and/or audiovisual means.

All counsel of record are invited to attend and cross-examine.

Respectfully submitted,

By:   s/Allen R. Vaught
  Allen R. Vaught
  State Bar No. 24004966
  Melinda Arbuckle
  State Bar No. 24080773
  Farsheed Fozouni
  State Bar No. 24097705
  BARON & BUDD, P.C.
  3102 Oak Lawn Avenue, Suite 1100
  Dallas, Texas 75219
  (214) 521-3605 – Telephone
  (214) 520-1181 – Facsimile
  avaught@baronbudd.com
  marbuckl@baronbudd.com
  ffozouni@baronbudd.com

  Roger D. Marshall
  State Bar No. 13040000
  rmarsh9558@aol.com
  10604 Corvallis Drive
  Dallas, Texas 75229
  Tel:  214-850-1989
  Fax:  214-363-4833

  ATTORNEYS FOR PLAINTIFFS

2

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the foregoing document was served upon counsel of record, listed below, by email and Certified Mail, Return Receipt Requested on September 26, 2017.

       Emily A. Quillen
       Elizabeth M. Beck
       Scopelitis Garvin Light Hanson & Fear, P.C.
       801 Cherry Street, Suite 1075
       Fort Worth, Texas 76102
       **VIA CMRRR # 9414 7266 9904 2076 7469 31**
       **AND EMAIL TO:  equillen@scopelitis.com**
                     **ebeck@scopelitis.com**

       Andrew J. Butcher
       Adam A. Smedstad
       Scopelitis Garvin Light Hanson & Fear, P.C.
       30 West Monroe Street, Suite 600
       Chicago, IL 60603
       **VIA CMRRR # 9414 7266 9904 2076 7469 48**
       **AND EMAIL TO:  abutcher@scopelitis.com**
                     **asmedstad@scopelitis.com**

                             s/Allen R. Vaught
                             Allen R. Vaught

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HUGO LOVO, BASHAR MASOUD, LUIS GOMEZ, MARK URBINA, LUIS CASTELLANOS, KAIMA C. WILDER, SURAJ BAJRACHARYA, KHALID AL FHEED, TARIQ ALFHEED, RYAN ROBINSON, SANJIV PRAJAPATI, COREY TATUM, GLENNIS DAVIS, ROBERT WOODROW, KHALED BIRA, LINCOLN DEVLUGT, and GERALD FIELDS, on Behalf of Themselves and All Others Similarly Situated, | § § § § § § § § § § § | |
| | § | CIVIL ACTION NO. 4:16-CV-00853-Y |
| | § | |
| | § | JURY TRIAL DEMANDED |
| Plaintiffs, | § § | |
| v. | § § | |
| | § | |
| EXPRESS COURIER INTERNATIONAL, INC., d/b/a LSO FINAL MILE; EMP LSO HOLDING CORPORATION; LLOYD PRICE; RICK KERRIGAN; RICHARD T. JONES; and CHARLES MOYER, | § § § | |
| Defendants. | | |

**SUBPOENA FOR NOTICE OF DEPOSITION PURSUANT TO
RULE 30(B)(6) OF DESIGNATED REPRESENTATIVE(S) OF
<u>EXPRESS COURIER INTERNATIONAL, INC.</u>**

*YOU ARE HEREBY ORDERED* to appear for your deposition as described in the accompanying Notice served on you.

**A.      <u>DEFINITIONS</u>**

1.      "Lawsuit," unless otherwise specified in a particular deposition topic shall mean the above-captioned lawsuit.

2.      "Express" shall mean Express Courier International, Inc.

3.      "LSO Holding Corp." shall mean EMP LSO Holding Corporation.

4

4.      "Price" shall mean Lloyd Price.

5.      "Kerrigan" shall mean Rick Kerrigan.

6.      "Jones" shall mean Richard T. Jones.

7.      "Moyer" shall mean Charles Moyer.

8.      "Defendants" shall mean Express, LSO Holding Corp., Price, Kerrigan, Jones, and Moyer, collectively.

9.      As used herein, "You," or "Your" shall refer to the Federal Rule of Civil Procedure 30(b)(6) designated corporate representative(s) of Express.

10.     "Plaintiffs" shall mean the named Plaintiffs in the Lawsuit: Hugo Lovo, Bashar Masoud, Luis Gomez, Mark Urbina, Luis Castellanos, Kaima C. Wilder, Suraj Bajracharya, Khalid Al Fheed, Tariq Alfheed, Ryan Robinson, Sanjiv Prajapati, Corey Tatum, Glennis Davis, Robert Woodrow, Khaled Bira, Lincoln Devlut, and Gerald Fields.

11.     "Retaliation Plaintiffs" shall mean the named Plaintiffs in the Lawsuit who have alleged retaliation claims under the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3): Hugo Lovo, Bashar Masoud, Luis Gomez, Mark Urbina, Luis Castellanos, Kaima C. Wilder, Suraj Bajracharya, Khalid Al Fheed, and Tariq Alfheed.

12.     "Driver" shall mean Defendants' job position of Final Mile Delivery Driver during the relevant time period.

**13.     Unless otherwise specified in a particular subpoena topic below, the time period relevant to these deposition topics is September 12, 2013, to the date of your deposition made the subject matter of this document.**

14.     "FLSA" shall mean the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and the Portal-to-Portal Pay Act, 29 U.S.C §§ 251-262, *et seq.*

15.     If a term or phrase applicable to the FLSA is not defined herein, then that term or phrase as used in these written discovery requests shall have the same definition assigned it by the FLSA, if any, including regulations and case law applicable to the FLSA.

16.     In interpreting the scope of the subpoena topics below, all words and phrases used in connection with those topics shall be given their most expansive and inclusive interpretation, unless otherwise specifically limited. For example, the words "and" or "or" as used herein shall be construed both conjunctively and disjunctively and each shall include the other wherever such dual construction will serve to bring within the scope of these topics which would otherwise not be brought in within their scope. The use of the word "including" shall be construed without limitation. Where context and circumstances require, the gender of all words used in these topics shall include the masculine, feminine and neuter, and the singular of all words shall include the plural and the plural the singular.

17.     The term "communication," when used herein, means any contact, oral or written, formal or informal, in which information, words, thoughts, or expressions of any nature are conveyed, transmitted, transferred, or exchanged.

18.     As used herein, "relate to," "show," or "evidence" means refers to, reflects upon, or is in any way logically or factually connected with the matters discussed.

19.     The term "document" is used herein with its broadest possible meaning and shall have the same meaning assigned to the terms "documents," and "electronically stored information" as set forth in Federal Rule of Civil Procedure 34(a)(1)(A).

20.     The phrase "tangible thing" is used herein with the broadest possible meaning, and is consistent with the meaning of that phrase as used in Federal Rule of Civil Procedure 34(a)(1)(B).

21.     "Identify," "identity," "identification," or "specify" when used with reference to an individual person means to state his or her full name, employer, department, and position or job title at the time of the incident, occurrence, act, or omissions covered by the particular deposition topic.

22.     "Identify," "identity," "identification," or "specify" when used with reference to an institution (such as a business establishment or government agency) means to state its name at the time of the incident, occurrence, act, or omission covered by the particular deposition topic.

23.     When referring to a document or tangible thing, "identify" means that Express shall set forth the general nature of the document and/or tangible thing, the custodian of the document and/or tangible thing, and the relevance of the document and/or tangible thing to the subject matter of the particular deposition topic.

**B.**     **DEPOSITION TOPICS**

You will be asked questions on the following topics:

1.     Questions about identification of any and all documents and/or tangible things you reviewed and/or relied on to refresh your recollection and/or assist, in whole or in part, with your testimony relative to the topics herein.

2.     Questions regarding Express's general business operations and principal place of business.

3.     Questions about identification of any documents and/or tangible things which evidence:

a)     Plaintiffs having worked and/or provided services at any Express location;

b)     Any Express representative or employee managing, controlling, and/or evaluating the work performed by Plaintiffs;

7

    c)      Work assignments provided to Plaintiffs by Express;

    d)      Invoices reflecting work by Plaintiffs for or on behalf of Express;

    e)      Interviewing, hiring, and/or firing of Plaintiffs by Express;

    f)      Training provided to Plaintiffs by Express and/or accomplished by Plaintiffs as required by Express;

    g)      Tools, supplies, and/or equipment provided to Plaintiffs by Express; and

    h)      Records of payments to Plaintiffs relative to work performed by Plaintiffs.

4.    Questions about:

    a)      Plaintiffs having worked and/or provided services at any Express location;

    b)      Any Express representative or employee managing, controlling, and/or evaluating the work performed by Plaintiffs;

    c)      Work assignments provided to Plaintiffs by Express;

    d)      Invoices reflecting work by Plaintiffs for or on behalf of Express;

    e)      Interviewing, hiring, and/or firing of Plaintiffs by Express;

    f)      Training provided to Plaintiffs by Express and/or accomplished by Plaintiffs as required by Express;

    g)      Tools, supplies, and/or equipment provided to Plaintiffs by Express; and

    h)      Records of payments to Plaintiffs relative to work performed by Plaintiffs.

5.    Questions about invoicing practices and/or policies relative to Plaintiffs' work with or for Express in any capacity, whether independent contractor or employee.

6.    Questions that relate to the general compensation and time keeping policies and/or practices relative to Drivers like Plaintiffs, whether as an employee or independent contractor.

7.      Questions regarding the start and stop of the FLSA workweek for employees of Express (*e.g.*, Monday to Sunday).

8.      As to the topic of classification of workers as employees versus independent contractors, and vice-versa, if Express has ever been investigated and/or audited by any governmental agency, such as the United States Internal Revenue Service, the United States Department of Labor, and/or the Texas Workforce Commission involving that topic, or has been a party to a legal proceeding involving that topic (including unemployment benefit claims but excluding this Lawsuit), then questions that relate to each such investigation, audit, and/or legal proceeding. The time period relevant to this topic is September 12, 2011 and forward.

9.      If Express has ever been investigated and/or audited by any federal governmental agency, such as the United States Department of Labor, or state governmental agency, such as the Texas Workforce Commission, on the topic of wage payments pursuant to the FLSA, including categorization of workers as employees or independent contractors, or vice-versa, relative to the FLSA, then questions that relate to each such investigation and/or audit. The time period relevant to this topic is September 12, 2011 and forward.

10.     If Express has ever been a party to a lawsuit, other than this Lawsuit, regarding alleged unpaid overtime wages pursuant to the FLSA and/or alleged independent contractor and/or employee classification, then questions that relate to each such lawsuit. The time period relevant to this topic is September 12, 2011 and forward.

11.     Questions that relate to Plaintiffs' work with/for Express in any and all capacities (*i.e.*, employee and/or independent contractor of Express and/or any entity providing goods or services to Express), including:

        a)      Dates of work and/or employment;

b)      Work locations;

c)      Hours worked per workday and seven-day workweek;

d)      Managers/supervisors;

e)      Primary job duties;

f)      Rates of pay;

g)      Methods of pay;

h)      Total compensation;

i)      Hours worked per workweek;

j)      Start and stop dates for workweeks under the FLSA;

k)      FLSA overtime compensation paid, if any;

l)      FLSA overtime compensation owed, if any;

m)      Any and all policies and/or practices that Plaintiffs were required or expected to follow in reporting their daily and/or weekly hours worked, or parcels delivered;

n)      Whether or not Express made and/or maintained records containing the data set forth in 29 C.F.R. § 516.2(a) as to Plaintiffs;

o)      Identification of any and all records Express made and/or maintained which it contends contain the data set forth in 29 C.F.R. § 516.2(a) as to Plaintiffs;

p)      Facts in support of Express's contention, if any, that Plaintiffs were independent contractors, or employee of an independent contractor, providing work for/services to Express, relative to claims in the Lawsuit;

q)   Facts in support of Express's contention, that Plaintiffs were not employees of Express relative to the claims in the Lawsuit; and

r)   Any and all reasons and supporting facts, if any, why Express contends it did not have to pay Plaintiffs time and one-half their regular rates of pay for all hours worked over 40 in each and every workweek. This includes, but is not limited to, Express's contention, if any, that Plaintiffs did not work more than 40 hours in any workweek and/or was exempt from the FLSA's overtime wage requirements.

12.   Questions about facts that relate to Plaintiffs' work with/for Express in any and all capacities (*i.e.*, employee and/or independent contractor of Express and/or any entity providing goods or services to Express), including:

a)   Dates of work and/or employment;

b)   Work locations;

c)   Hours worked per workday and seven-day workweek;

d)   Managers/supervisors;

e)   Primary job duties;

f)   Rates of pay;

g)   Methods of pay;

h)   Total compensation;

i)   Hours worked per workweek;

j)   Start and stop dates for workweeks under the FLSA;

k)   FLSA overtime compensation paid, if any;

l)   FLSA overtime compensation owed, if any;

m)   Any and all policies and/or practices that Plaintiffs were required or expected to follow in reporting their daily and/or weekly hours worked, or parcels delivered;

n)   Whether or not Express made and/or maintained records containing the data set forth in 29 C.F.R. § 516.2(a) as to Plaintiffs;

o)   Identification of any and all records Express made and/or maintained which it contends contain the data set forth in 29 C.F.R. § 516.2(a) as to Plaintiffs;

p)   Facts in support of Express's contention, if any, that Plaintiffs were independent contractors, or employee of an independent contractor, providing work for/services to Express, relative to claims in the Lawsuit;

q)   Facts in support of Express's contention, that Plaintiffs were not employees of Express relative to the claims in the Lawsuit; and

r)   Any and all reasons and supporting facts, if any, why Express contends it did not have to pay Plaintiffs time and one-half their regular rates of pay for all hours worked over 40 in each and every workweek. This includes, but is not limited to, Express's contention, if any, that Plaintiffs did not work more than 40 hours in any workweek and/or was exempt from the FLSA's overtime wage requirements.

13.   With regards to any and all work performed by Plaintiffs for and/or on behalf of Express in any capacity (*e.g.*, independent contractor and/or employee of Express and/or any entity providing goods or services to Express), questions about facts that relate to:

a)      The nature and degree of Express's control as to the manner in which Plaintiffs were to perform the work;

b)      Plaintiffs' alleged opportunity for profit or loss depending upon managerial skill;

c)      Plaintiffs' investment in equipment or materials required for their tasks;

d)      Express's investment in facilities, employees, equipment, supplies, and/or materials for its business operations during the relevant time period (see definitions);

e)      Whether the services rendered by Plaintiffs required special skills;

f)      The degree of permanency and duration of the working relationship between Express and Plaintiffs; and

g)      The extent to which the services rendered by Plaintiffs were an integral part of Express's business operations.

14.     Questions that relate to identification of the employees, managers, officers, and/or owners of Express, and/or any entity or person working with or for Express, who had authority to do and/or actually did any of the following as to Plaintiffs:

a)      Hire and fire;

b)      Supervise and/or control work schedules and/or conditions of employment;

c)      Determine the rates or method of pay; and

d)      Control/maintain work records.

15.     Questions about facts which Express contends support each of its affirmative defenses alleged in this Lawsuit (*i.e.*, ECF No. 38, p. 67, ¶ 1 to p. 70, ¶ 27).

16.     Questions about any and all documents which Express contends support each of its affirmative defenses alleged in this Lawsuit (*i.e.*, ECF No. 38, p. 67, ¶ 1 to p. 70, ¶ 27).

17.     Questions about actions taken by Express to investigate whether it was in compliance with the FLSA in connection with its classification and/or compensation practices relative to Plaintiffs.

18.     Questions about any and all reasons and corresponding facts, if any, why Express contends it acted with a good faith belief that it was in compliance with the FLSA with respect to Plaintiffs.

19.     Questions about Express's knowledge or lack of knowledge of the FLSA's overtime wage requirements prior to the filing of this Lawsuit.

20.     Questions about whether Express satisfied the posting requirements of 29 C.F.R. § 516.4.

21.     Without Express waiving any defenses, questions about calculations of back overtime wages Plaintiffs may be due should they prevail in this Lawsuit.

22.     Questions about any and all documents produced in this Lawsuit by Express which evidence or identify work performed by Plaintiffs relative to any and all Express business operations.

23.     Questions about the "master contractor" position that Express discussed with Drivers.

24.     Questions about any and all documents relating to the "master contractor" position that Express discussed with Drivers.

25.     Questions about the February 2017 announcement by Jory Russell and/or John Ramoin regarding the "master contractor" position and the application process.

26.     Questions about any and all documents relating to the February 2017 announcement by Jory Russell and/or John Ramoin regarding the "master contractor"  and the application process.

27.     Questions about facts relating to the April 2017 lunch that Jory Russell and/or John Ramoin invited certain Drivers to regarding the "master contractor" position and the application process, including:

      a)      Who was invited to the lunch;

      b)      What the criteria and decision-making process was in determining who was invited to the lunch and/or the position;

      c)      What the proposed new position entailed; and

      d)      Whether Retaliation Plaintiffs were considered for this lunch.

28.     Questions about any and all documents relating to the April 2017 lunch that Jory Russell and/or John Ramoin invited certain Drivers to regarding the "master contractor" position and the application process, including:

      a)      Who was invited to the lunch;

      b)      What the criteria and decision-making process was in determining who was invited to the lunch and/or the position;

      c)      What the proposed new position entailed; and

      d)      Whether Retaliation Plaintiffs were considered for this lunch.

29.     Questions about Express's knowledge or lack of knowledge of the FLSA's anti-retaliation provisions, 29 U.S.C. § 215(a)(3), prior to the filing of this Lawsuit.

Respectfully submitted,

By:   s/Allen R. Vaught
       Allen R. Vaught
       State Bar No. 24004966
       Melinda Arbuckle
       State Bar No. 24080773
       Farsheed Fozouni
       State Bar No. 24097705
       BARON & BUDD, P.C.
       3102 Oak Lawn Avenue, Suite 1100
       Dallas, Texas 75219
       (214) 521-3605 – Telephone
       (214) 520-1181 – Facsimile
       avaught@baronbudd.com
       marbuckl@baronbudd.com
       ffozouni@baronbudd.com

       Roger D. Marshall
       State Bar No. 13040000
       rmarsh9558@aol.com
       10604 Corvallis Drive
       Dallas, Texas 75229
       Tel:  214-850-1989
       Fax:  214-363-4833

       ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served upon counsel of record, listed below, by email and Certified Mail, Return Receipt Requested on September 26, 2017.

Emily A. Quillen
Elizabeth M. Beck
Scopelitis Garvin Light Hanson & Fear, P.C.
801 Cherry Street, Suite 1075
Fort Worth, Texas 76102
**VIA CMRRR # 9414 7266 9904 2076 7469 31**
**AND EMAIL TO:   equillen@scopelitis.com**
**ebeck@scopelitis.com**

Andrew J. Butcher
Adam A. Smedstad
Scopelitis Garvin Light Hanson & Fear, P.C.
30 West Monroe Street, Suite 600
Chicago, IL 60603
**VIA CMRRR # 9414 7266 9904 2076 7469 48**
**AND EMAIL TO:   abutcher@scopelitis.com**
**asmedstad@scopelitis.com**

s/Allen R. Vaught
Allen R. Vaught

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HUGO LOVO, BASHAR MASOUD, LUIS GOMEZ, MARK URBINA, LUIS CASTELLANOS, KAIMA C. WILDER, SURAJ BAJRACHARYA, KHALID AL FHEED, TARIQ ALFHEED, RYAN ROBINSON, SANJIV PRAJAPATI, COREY TATUM, GLENNIS DAVIS, ROBERT WOODROW, KHALED BIRA, LINCOLN DEVLUGT, and GERALD FIELDS, on Behalf of Themselves and All Others Similarly Situated, | § § § § § § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:16-CV-00853-Y |
| EXPRESS COURIER INTERNATIONAL, INC., d/b/a LSO FINAL MILE; EMP LSO HOLDING CORPORATION; LLOYD PRICE; RICK KERRIGAN; RICHARD T. JONES; and CHARLES MOYER, | § § § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' THIRD AMENDED NOTICE OF DEPOSITION PURSUANT TO
RULE 30(b)(6) OF THE DESIGNATED REPRESENTATIVE(S) OF
EXPRESS COURIER INTERNATIONAL, INC.**

TO:    Defendant EXPRESS COURIER INTERNATIONAL, INC., by and through its attorneys of record Emily A. Quillen, Elizabeth M. Beck, Andrew J. Butcher, and Adam A. Smedstad, Scopelitis Garvin Light Hanson & Feary, P.C., 801 Cherry Street, Suite 1075; Fort Worth, Texas 77010.

PLEASE TAKE NOTICE that Plaintiffs, through counsel, will take the deposition of the Federal Rule of Civil Procedure 30(b)(6) Representative(s) designated by Express Courier International, Inc. ("Express" or "Defendant") on **Thursday, December 21, 2017 at 10:00 a.m.** in the law offices of Scopelitis Garvin Light Hanson & Feary, P.C., 801 Cherry Street, Suite

1

1075; Fort Worth, Texas 77010. A subpoena setting forth the topics of testimony for the designated representative(s) of Express is attached hereto.

Further take note that, pursuant to Federal Rule of Civil Procedure 30(b)(3)(A), this deposition will be taken by stenographic means, and may be recorded by audio tape and/or audiovisual means.

All counsel of record are invited to attend and cross-examine.

Respectfully submitted,

By:   s/Melinda Arbuckle
        Allen R. Vaught
        State Bar No. 24004966
        Melinda Arbuckle
        State Bar No. 24080773
        Farsheed Fozouni
        State Bar No. 24097705
        BARON & BUDD, P.C.
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas 75219
        (214) 521-3605 – Telephone
        (214) 520-1181 – Facsimile
        avaught@baronbudd.com
        marbuckl@baronbudd.com
        ffozouni@baronbudd.com

        Roger D. Marshall
        State Bar No. 13040000
        rmarsh9558@aol.com
        10604 Corvallis Drive
        Dallas, Texas 75229
        Tel:  214-850-1989
        Fax:  214-363-4833

        ATTORNEYS FOR PLAINTIFFS

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served upon counsel of record, listed below, by email and Certified Mail, Return Receipt Requested on December 14, 2017.

Emily A. Quillen
Elizabeth M. Beck
Scopelitis Garvin Light Hanson & Fear, P.C.
801 Cherry Street, Suite 1075
Fort Worth, Texas 76102
**VIA CMRRR # 9414 7266 9904 2076 7474 40**
**AND EMAIL TO:   equillen@scopelitis.com**
**ebeck@scopelitis.com**

Andrew J. Butcher
Adam A. Smedstad
Scopelitis Garvin Light Hanson & Fear, P.C.
30 West Monroe Street, Suite 600
Chicago, IL 60603
**VIA CMRRR # 9414 7266 9904 2076 7474 57**
**AND EMAIL TO:   abutcher@scopelitis.com**
**asmedstad@scopelitis.com**

s/Melinda Arbuckle
Melinda Arbuckle

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HUGO LOVO, BASHAR MASOUD, LUIS GOMEZ, MARK URBINA, LUIS CASTELLANOS, KAIMA C. WILDER, SURAJ BAJRACHARYA, KHALID AL FHEED, TARIQ ALFHEED, RYAN ROBINSON, SANJIV PRAJAPATI, COREY TATUM, GLENNIS DAVIS, ROBERT WOODROW, KHALED BIRA, LINCOLN DEVLUGT, and GERALD FIELDS, on Behalf of Themselves and All Others Similarly Situated, | § § § § § § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:16-CV-00853-Y |
| EXPRESS COURIER INTERNATIONAL, INC., d/b/a LSO FINAL MILE; EMP LSO HOLDING CORPORATION; LLOYD PRICE; RICK KERRIGAN; RICHARD T. JONES; and CHARLES MOYER, | § § § § § § § | |
| Defendants. | § | |

**THIRD AMENDED SUBPOENA FOR NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6) OF DESIGNATED REPRESENTATIVE(S) OF EXPRESS COURIER INTERNATIONAL, INC.**

*YOU ARE HEREBY ORDERED* to appear for your deposition as described in the accompanying Notice served on you.

A.     **DEFINITIONS**

1.     "Lawsuit," unless otherwise specified in a particular deposition topic shall mean the above-captioned lawsuit.

2.     "Express" shall mean Express Courier International, Inc.

3.     "LSO Holding Corp." shall mean EMP LSO Holding Corporation.

4

4.      "Price" shall mean Lloyd Price.

5.      "Kerrigan" shall mean Rick Kerrigan.

6.      "Jones" shall mean Richard T. Jones.

7.      "Moyer" shall mean Charles Moyer.

8.      "Defendants" shall mean Express, LSO Holding Corp., Price, Kerrigan, Jones, and Moyer, collectively.

9.      As used herein, "You," or "Your" shall refer to the Federal Rule of Civil Procedure 30(b)(6) designated corporate representative(s) of Express.

10.     "Plaintiffs" shall mean the named Plaintiffs in the Lawsuit: Hugo Lovo, Bashar Masoud, Mark Urbina, Luis Castellanos, Kaima C. Wilder, Suraj Bajracharya, Khalid Al Fheed, Tariq Alfheed, Sanjiv Prajapati, Corey Tatum, Glennis Davis, Robert Woodrow, Khaled Bira, and Gerald Fields.

11.     "Retaliation Plaintiffs" shall mean the named Plaintiffs in the Lawsuit who have alleged retaliation claims under the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3): Hugo Lovo, Bashar Masoud, Mark Urbina, Luis Castellanos, Suraj Bajracharya, Khalid Al Fheed, and Tariq Alfheed.

12.     "Driver" shall mean any Plaintiff or individual performing driving services relative to final mile deliveries made on behalf of Express in the Dallas Fort Worth Metroplex.

**13.     Unless otherwise specified in a particular subpoena topic below, the time period relevant to these deposition topics is September 12, 2013, to the date of your deposition made the subject matter of this document.**

14.     "FLSA" shall mean the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and the Portal-to-Portal Pay Act, 29 U.S.C §§ 251-262, *et seq.*

B.      **DEPOSITION TOPICS**

You will be asked questions on the following topics:

1.      Questions about identification of any and all documents and/or tangible things you reviewed and/or relied on to refresh your recollection and/or assist, in whole or in part, with your testimony relative to the topics herein.

2.      Questions regarding Express's general business operations, limited to management structure, corporate and Dallas Fort Worth Metroplex branches, business model (types of contracts serviced in Dallas Fort Worth Metroplex, disclosable customers in Dallas Fort Worth Metroplex, and products and/or services provided), and principal place of business.

3.      Questions about:

        a)      How Express delegated work assignments, including routes and daily work to Plaintiffs;

        b)      How settlement reports reflecting work by Plaintiffs for or on behalf of Express were made and maintained;

        c)      Interviewing, hiring, and/or firing of Plaintiffs by Express;

        d)      Training provided to Plaintiffs by Express and/or accomplished by Plaintiffs as required by Express;

        e)      Tools, supplies, and/or equipment provided to Plaintiffs by Express; and

4.      Questions about invoicing practices and/or policies relative to Plaintiffs' work with or for Express in any capacity, whether independent contractor or employee.

5.      Questions that relate to the general compensation and time keeping policies and/or practices relative to Plaintiffs, whether as an employee or independent contractor.

6

6.      Questions regarding the start and stop of the FLSA workweek for employees of Express (*e.g.*, Monday to Sunday).

7.      If Express has ever been investigated and/or audited by any governmental agency, including the United States Department of Labor and/or the Texas Workforce Commission involving classification of workers as employees versus independent contractors, and vice-versa, or has been a party to a legal proceeding involving that topic, then questions that relate to each such investigation, audit, and/or legal proceeding. The time period relevant to this topic is September 12, 2011 and forward. When filed, what allegations, outcome, findings.

8.      If Express has ever been a party to a lawsuit, other than this Lawsuit, regarding alleged independent contractor and/or employee classification, then questions that relate to each such lawsuit. The time period relevant to this topic is September 12, 2011 and forward. When filed, what allegations, outcome.

9.      For employees at terminals in the Dallas Fort Worth Metroplex start and stop dates for workweeks under the FLSA;

10.     For the Plaintiffs:

      a)      Rates of pay;

      b)      Methods of pay;

      c)      Total compensation;

      d)      Any and all policies and/or practices that Plaintiffs were required or expected to follow in reporting their daily and/or weekly hours worked, or parcels delivered;

11.     Questions about actions taken by Express to investigate whether it was in compliance with the FLSA in connection with its classification and/or compensation practices relative to Plaintiffs.

12.     Questions about any and all reasons and corresponding facts, if any, why Express contends it acted with a good faith belief that it was in compliance with the FLSA with respect to Plaintiffs.

13.     Questions about Express's knowledge or lack of knowledge of the FLSA's overtime wage requirements prior to the filing of this Lawsuit.

14.     Questions about whether Express satisfied the posting requirements of 29 C.F.R. § 516.4.

15.     Without Express waiving any defenses, questions about the method of calculating back overtime wages in connection with piece rate payments.

16.     Questions about the "master contractor" position that representatives of Express discussed with Drivers to the exclusion of the Retaliation Plaintiffs relative to a new opportunity to perform services for Express relative to a contract with LSO Parcel in the Dallas Fort Worth Metroplex, approximately at the time period when Express lost its contract with Amazon.

17.     Questions about any and all documents relating to the "master contractor" position that Express discussed with Drivers in the Dallas Fort Worth Metroplex.

18.     Questions about the February 2017 announcement by Jory Russell and/or John Ramoin regarding the "master contractor" position and the application process.

19.     Questions about facts relating to the April 2017 lunch that Jory Russell and/or John Ramoin invited certain Drivers to regarding the "master contractor" position and the application process, including:

    a)       Who was invited to the lunch;

    b)       What the criteria and decision-making process was in determining who was invited to the lunch and/or the position;

    c)       What the proposed new position entailed; and

    d)       Whether Retaliation Plaintiffs were considered for this lunch.

20.    Questions about any and all documents relating to the April 2017 lunch that Jory Russell and/or John Ramoin invited certain Drivers to regarding the "master contractor" position and the application process, including:

    a)       Who was invited to the lunch;

    b)       What the criteria and decision-making process was in determining who was invited to the lunch and/or the position;

    c)       What the proposed new position entailed; and

    d)       Whether Retaliation Plaintiffs were considered for this lunch.

21.    Questions about Express's knowledge or lack of knowledge of the FLSA's anti-retaliation provisions, 29 U.S.C. § 215(a)(3), prior to the filing of this Lawsuit.

Respectfully submitted,

By:    s/Melinda Arbuckle
        Allen R. Vaught
        State Bar No. 24004966
        Melinda Arbuckle
        State Bar No. 24080773
        Farsheed Fozouni
        State Bar No. 24097705
        BARON & BUDD, P.C.
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas 75219
        (214) 521-3605 – Telephone
        (214) 520-1181 – Facsimile

avaught@baronbudd.com
marbuckl@baronbudd.com
ffozouni@baronbudd.com

Roger D. Marshall
State Bar No. 13040000
rmarsh9558@aol.com
10604 Corvallis Drive
Dallas, Texas 75229
Tel:  214-850-1989
Fax:  214-363-4833

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon counsel of record, listed below, by email and Certified Mail, Return Receipt Requested on December 14, 2017.

Emily A. Quillen
Elizabeth M. Beck
Scopelitis Garvin Light Hanson & Fear, P.C.
801 Cherry Street, Suite 1075
Fort Worth, Texas 76102
**VIA CMRRR # 9414 7266 9904 2076 7474 40**
**AND EMAIL TO:   equillen@scopelitis.com**
**ebeck@scopelitis.com**

Andrew J. Butcher
Adam A. Smedstad
Scopelitis Garvin Light Hanson & Fear, P.C.
30 West Monroe Street, Suite 600
Chicago, IL 60603
**VIA CMRRR # 9414 7266 9904 2076 7474 57**
**AND EMAIL TO:   abutcher@scopelitis.com**
**asmedstad@scopelitis.com**

s/Melinda Arbuckle
Melinda Arbuckle