IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HUGO LOVO, *et al.*, | § | |
| | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-00853-Y |
| | § | |
| EXPRESS COURIER INTERNATIONAL, INC., d/b/a LSO FINAL MILE, *et al.*, | § § § | |
| | § | |
|    Defendants. | § | |

**DEFENDANTS' OBJECTIONS TO AND MOTION TO STRIKE PLAINTIFFS' SUMMARY JUDGMENT EVIDENCE AND BRIEF IN SUPPORT**

Defendants Express Courier International, Inc, d/b/a LSO Final Mile and EMP LSO Holding Corp., file their Objections to and Motion to Strike Plaintiffs' Summary Judgment Evidence and Brief in Support.

**I.**

**INTRODUCTION**

On April 2, 2018, Plaintiffs filed their Motion for Partial Summary Judgment and Response in Opposition to Defendants' Motion for Summary Judgment, along with a supporting brief and appendix. ECF Nos. 81, 82, 83, 86. For the reasons described below, Plaintiffs' Exhibits I, J, K, EE, FF and GG are not competent summary judgment evidence under Rule 56(c) and should be stricken.[1] Defendants object to and move to strike these documents and respectfully request that the Court

---

[1] Plaintiffs filed their summary judgment exhibits twice. *See* ECF Nos. 83-9, 83-10, 83-31, 83-32, 83-33, 86-9, 86-10, 86-11, 86-31, 86-32, 86-33.

sustain Defendants' objections and disregard such evidence when ruling on Defendants' Motion for Summary Judgment.

## II.

## ARGUMENT AND AUTHORITIES

### A. Standard for Summary Judgment Evidence

The summary judgment determination must be based solely on evidence in the record that would be admissible at trial. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record that are admissible evidence at trial. FED. R. CIV. P. 56; *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Material that would not be admissible at trial will not be considered on a motion for summary judgment because it would not establish a genuine issue of material fact if offered at trial and continuing the actions would be useless. *Duplanits v. Shell Offshore, Inc.,* 948 F.2d 187, 192 (5th Cir. 1991).

### B. Plaintiffs' Damage Models Are Inadmissible

Plaintiffs' Exhibits I, J, and K are inadmissible because they are unauthenticated, do not qualify as a Rule 1006 summary, and are damage computations that Plaintiffs' failed to disclose in accordance with Rule 26(a)(1)(A)(iii).

Plaintiffs offer no testimony or affidavit to provide any foundation for the summaries. There is no indication that the summaries were created from competent summary judgment evidence, nor is there any factual testimony that adequately explains the summarized documents, the data used, from where such data was extrapolated, nor how the formulas were derived. For example, in Plaintiffs' Exhibit

J (ECF Nos. 83-10, 86-10), the "Minimum Wage Damage Model," Plaintiffs provide no explanation where it derives any of the information in the 7 columns:

**Khalid Al Fheed**

| Week | Days Worked | Rate Per Package | Pay | Hourly Rate | OT Hours | OT Due |
|---|---|---|---|---|---|---|
| 7/3/2016 | 2 | $3.00 | $246.00 | $7.24 | -6.00 | - |

Importantly, Plaintiffs appear to use somewhere in the chart an "Estimated 17 Hours Worked Per Day" in this damage model, without any reference to explain to the Court why or how it should assume that a 17-hour workday is proven with competent summary judgment evidence.

Similarly, Plaintiffs' Exhibit I (ECF Nos. 83-9, 86-9), "Plaintiffs' Summary Judgment Damage Model," provides columns of data on 34 pages like the following:

Estimated Hours Worked Per Day: 12

**Khalid Al Fheed**

| Week | Days Worked | Rate Per Package | Pay | Hourly Rate | OT Hours | OT Due | Minimum Wage Correction | Total Damages |
|---|---|---|---|---|---|---|---|---|
| 2015 | | | | | | | | |
| 9/13/2015 | 6 | $3.45 | $936.30 | $13.00 | 32.00 | $208.07 | | |
| 9/20/2015 | 7 | $3.45 | $1,495.35 | $17.80 | 44.00 | $391.64 | | |

Again, Plaintiffs give no explanation to the Court about how or why "Estimated Hours Worked Per Day: 12" is supported by competent summary judgment evidence.[2] Without a witness to sponsor the spreadsheets, they remain only unverified numbers on paper that are not admissible under Rule 901.

---

[2] While Plaintiffs' represent in their summary judgment brief that they "used" 8,566 pages of documents produced by Defendants in discovery "to determine" various data points, Plaintiffs do not explain how the documents were used or who determined anything shown in Exhibit I. *Pls.' Opp.* p.56 n.8.

3

Plaintiffs attempt to circumvent the lack of authentication of their "Damage Models" by claiming that they are Rule 1006 summaries, but fail show the Court that the summaries are based on competent summary judgment evidence. *Pls. Opp.* p.56 n.8 (ECF No. 82). Rule 1006 allows the use of "a summary, chart, or calculation to prove the content of voluminous writings, recording, or photographs that cannot be conveniently examined in court." FED. R. EVID. 1006. But summaries are admissible only if based on competent evidence before the Court. *See, e.g., United States v. Bishop*, 264 F.3d 535, 547 (5th Cir. 2001). Plaintiffs attempt to spackle over the lack of evidence by providing spreadsheets that their attorneys compiled. This effort is unavailing. Plaintiffs needed to proffer a witness who would sponsor the spreadsheets to explain (1) how they were prepared; (2) what evidence was used to prepare them; (3) what processes the witness undertook to ensure their accuracy. Plaintiffs offered no witness and none of this information. Without a competent sponsor for the evidence with a foundational basis to authenticate it, Plaintiffs' spreadsheets do not qualify as Rule 1006 summaries.

Finally, Plaintiffs failed to properly disclose their "Damage Models" during discovery. Fed. R. Civ. P. 26(a)(1)(A)(iii) requires parties to provide "a computation of each category of damages . . . [and] the documents or other evidentiary material…on which each computation is based." *Orchestrate HR, Inc. v. Trombetta*, 2017 WL 273669 (N.D. Tex. Jan. 20, 2017). Failure to make this disclosure is grounds for exclusion under Fed. R. Civ. P. 37.

### C.     Inadmissible, Unauthenticated Photographs Should Be Stricken

#### 1.     Plaintiffs' Exhibit EE

Plaintiffs' Exhibit EE (ECF Nos. 83-31, 86-31), a photograph of a whiteboard, should be stricken because it is unauthenticated and hearsay. Plaintiffs have failed to properly authenticate Exhibit EE with the predicate required to admit the photograph into evidence. *See, e.g. Martinez v. Day*, 639 F. App'x 278, 278 n.1 (5th Cir. 2016), as revised (May 12, 2016) (finding unauthenticated photographs were entitled to no consideration).

Federal Rule of Evidence 901 provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901(a); *Zimmerman v. Gruma Corp.*, 2013 WL 3154118 at *13 (N.D. Tex. June 21, 2013) (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)) ("Unauthenticated documents are improper as summary judgment evidence."). The general rule for authenticating a photograph is set forth in 29 Am.Jur.2d p. 861, Evidence § 788:

> The established rule in both civil and criminal cases, is that a photograph is admissible in evidence only if it is authenticated or verified by some other evidence to establish that the photograph is a substantially true, accurate, and faithful representation or portrayal of the place, person, or subject it purports to represent or portray. The testimony of a witness or of witnesses is required to authenticate or verify a photograph, because a photograph, of itself and without testimonial sponsorship, proves nothing. There must be testimony as to who or what the photograph shows; in other words, the persons, places, or things shown in the photograph must be 'identified'.

Plaintiffs do not meet the requisites of authentication under Rule 901, as they provide no declaration or deposition testimony from any person to identify the photo or verify what it purports to show.

Additionally, Exhibit EE is hearsay. Plaintiffs' offer the photograph as evidence of a writing made on the whiteboard depicted in the photograph, purportedly writings made by Jory Russell, a former employee of LSO. *See Pls.' Opp*. pp.12-13 (ECF No. 82) ("Jory Russell, Operations Manager for Express, wrote a message on a white board for Plaintiffs which stated . . .").[3] Accordingly, Plaintiffs' offer an out-of-court statement depicted in the photograph for the truth of the matter asserted and does not fall within one of the enumerated exceptions to admitting hearsay.

### 2. Plaintiffs' Exhibit FF

Plaintiffs' Exhibit FF (ECF Nos. 83-32, 86-32), a photograph of pages of a document, should be stricken because it is unauthenticated and inadmissible hearsay. For the same reasons stated above, Plaintiffs have failed to properly authenticate Exhibit FF with the predicate required to admit the photograph into evidence. Additionally, Exhibit FF the writing depicted in the photograph is hearsay. Plaintiffs offer the photograph in an attempt to prove that the statements in the writing provided instructions to Plaintiffs. *See Pls.' Opp*. p.32 ("document created by former Regional Director Lloyd Price stating . . .").

---

[3] Plaintiffs also insert the photograph in Exhibit EE into the body of their brief. Defendants extend their objection to that portion of Plaintiffs' brief for the same reasons it objects to the separately filed Exhibit EE. *See Pls.' Opp*. p.41.

### 3. Plaintiffs' Exhibit GG

Plaintiffs' Exhibit GG (ECF Nos. 83-33, 86-33), a photograph of people and boxes, should be stricken because it is unauthenticated. Again, Plaintiffs have failed to properly authenticate Exhibit GG with the predicate required to admit the photograph into evidence. Plaintiffs' provides no affidavit from the person through whom they can be admitted at trial that sufficiently establishes personal knowledge of when the photograph was taken and what the photograph depicts. *Id.*

### III.

### CONCLUSION AND PRAYER

For the reasons stated above, Defendants request that Plaintiffs' Exhibits EE, FF, GG, I, J, and K be stricken and not considered in the Court's determination of the Plaintiffs' Motion for Summary Judgment or Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment.

Respectfully submitted,

/s/ Emily A. Quillen
Emily A. Quillen
equillen@scopelitis.com
Elizabeth M. Beck
ebeck@scopelitis.com
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, P.C.
801 Cherry Street, Suite 1075
Fort Worth, TX 76102
Tel: 817-869-1700
Fax: 817-878-9472

and

>Andrew J. Butcher
>Admitted Pro Hac Vice
>abutcher@scopelitis.com
>Adam C. Smedstad
>Admitted Pro Hac Vice
>asmedstad@scopelitis.com
>SCOPELITIS, GARVIN, LIGHT,
>HANSON & FEARY, P.C.
>30 West Monroe Street, Suite 600
>Chicago, IL 60603
>Tel: (312) 255-7200
>Fax: (312) 422-1224
>
>ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

On April 26, 2018, Plaintiffs' counsel, Melinda Arbuckle, indicated that Plaintiffs are opposed to this motion.

>/s/ Emily A. Quillen
>Emily A. Quillen

## CERTIFICATE OF SERVICE

On April 27, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically.

>/s/ Emily A. Quillen
>Emily A. Quillen

4814-5828-7969, v. 3